UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOUTEZ PRICE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 18 C 5358 ) ) Judge Sara L. Ellis |
| ILLINOIS DEPARTMENT OF CORRECTIONS, and RANDY PFISTER, Warden of Stateville Correctional Center, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Plaintiff Raymoutez Price, a paraplegic and former inmate at Stateville Correctional Center ("Stateville") from September 2017 to July 2019, filed a lawsuit against Defendants Randy Pfister, Warden of Stateville Correctional Center, and the Illinois Department of Corrections ("IDOC"), alleging violations of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794(s), and 42 U.S.C. § 1983 for deliberate indifference. IDOC now brings a partial motion to dismiss [59] pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Because Price has pleaded sufficient facts concerning IDOC's denial of services or programs as a result of his disability, the Court allows Price's claims under the ADA and RA to proceed to discovery, although Price cannot recover punitive damages on these claims. Because IDOC cannot be sued under § 1983, the Court dismisses Price's claim for deliberate indifference against IDOC with prejudice.

---

[1] The Court has no indication that Price has achieved service on Pfister, *see* Doc. 66 (requesting additional time to locate and serve Pfister), and IDOC's counsel has not filed an appearance on his behalf or made any argument as to the propriety of Price's claims against Pfister. The Court's Opinion thus does not address Pfister's status in this lawsuit.

1

## BACKGROUND[2]

From approximately September 22, 2017 to July 8, 2019, Price was an inmate held at Stateville. Prior to his incarceration, on September 23, 2008, Price suffered a spinal injury, sustaining a T12 vertebrae facture that left him confined to a wheelchair. While at Stateville, Price's cell lacked an appropriate bed for a wheelchair-bound person, as the bed did not have a railing to prevent him from falling. He also did not have access to an appropriate shower with accessible chairs that could sustain his weight capacity, with the only available shower chair being one made of plastic. As a result, Price fell twice while taking a shower.

Furthermore, while incarcerated, Defendants provided Price with a wheelchair that had faulty brakes, rusty wheel bearings, and wheels that periodically came off. The defective wheelchair severely limited Price's mobility, which caused him to urinate and defecate on himself on several occasions. Staff also often ignored his requests for assistance or to provide him with the means to clean himself after he soiled himself. Price complained to Stateville staff and filed several grievances about the lack of handicap accessible accommodations but received no favorable responses.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule

---

[2] The Court takes the facts in the background section from Price's amended complaint and presumes them to be true for the purpose of resolving IDOC's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I.  ADA and RA Claims

IDOC argues that Price's claims under the ADA and RA simply amount to disguised claims for deliberate indifference, which he cannot properly pursue under the ADA and RA. Because "[t]he standards under the ADA and [RA] are functionally identical," the Court considers both claims together. *Eby v. Okezie*, No. 19 C 8404, 2021 WL 4146882, at *7 (N.D. Ill. Sept. 13, 2021) (citation omitted) (internal quotation marks omitted). To state a claim under Title II of the ADA, Price must allege (1) that "he is a qualified individual with a disability"; (2) that "he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity"; and (3) "that the denial or discrimination was by reason of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (citation omitted) (internal quotation marks omitted). Here, because Price is clearly a qualified individual with a disability—a wheelchair-bound paraplegic—the Court need only address whether Price sufficiently pleaded a denial of services or programs based on his disability.

First, Price argues that he properly pleaded the second element of an ADA or RA claim by alleging that he could not shower safely given the lack of an ADA accessible shower chair,

3

could not safely get in and out of bed because of a lack of guardrails, and could not use the restroom as other inmates due to the lack of a functioning wheelchair and staff assistance. "Refusing to make reasonable accommodations is tantamount to denying access; although the Rehabilitation Act does not expressly require accommodation, the Supreme Court has located a duty to accommodate in the statute generally." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012) (citation omitted). And courts in this Circuit have recognized sleep- or bed-related issues, as well as showers, as programs or activities at a prison under the RA. *Id.* ("Although incarceration is not a program or activity, the meals and showers made available to inmates are."); *Simmons v. Godinez*, No. 16 C 4501, 2017 WL 3568408, at *6 (N.D. Ill. Aug. 16, 2017) ("[C]ourts in this Circuit have concluded that '[p]risons must provide beds for inmates, and this is arguably a service within the meaning of the ADA and/or [RA].'" (quoting *Rosario v. Wexford Health Care*, No. 15-cv-1008, 2015 WL 5935244, at *3 (S.D. Ill. Oct. 13, 2015)); *Simmons v. Ill. Dep't of Corr.*, No. 14-cv-479, 2014 WL 2159000, at *4 (S.D. Ill. May 23, 2014) ( "[I]f meals and showers are considered a 'program or activity' which must be accessible to disabled inmates under the RA, then the basic need for an adequately accessible bed may also be viewed as such.").

IDOC contends that Price's claims nonetheless fail because Price does not allege that non-disabled individuals received more favorable treatment, with all inmates instead facing the same circumstances of which he complains. IDOC maintains that, as in *Bryant v. Madigan*, Price only "complain[s] about incompetent treatment of his paraplegia," for which the ADA does not provide a remedy. 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). In other words, IDOC argues that Price has not pleaded "an exclusion, denial, or differential treatment" because of his disability. *Miller v. Kozel*, No. 10 C 5381, 2010

WL 5060267, at *5 (N.D. Ill. Dec. 6, 2010) (no ADA claim where the plaintiff did not allege that "other inmates were given a different bed or that Jamal was denied a different bed because of his mental illness"). But IDOC's argument ignores the fact that, with respect to his ADA and RA claims, Price focuses on IDOC's failure to provide him with needed accommodations, asserting that he cannot shower, use the toilet, or sleep in the same way as similarly situated non-disabled inmates. *See Jaros*, 684 F.3d at 672 ("The refusal to accommodate Jaros's disability kept him from accessing meals and showers on the same basis as other inmates."). Unlike in *Bryant*, Price's ADA and RA claims of failure to accommodate do not amount to "a disguised medical malpractice or inadequate medical treatment case," with his allegations of IDOC's failure to accommodate his disability instead "giving rise to the permissible inference that such failure constituted a denial of the benefits of the prison's services, programs, or activities." *Cotledge v. Dart*, No. 20-CV-2629, 2020 WL 7260798, at *4 (N.D. Ill. Dec. 10, 2020). Thus, Price's allegations suffice at the pleading stage. *See Simmons*, 2017 WL 3568408, at *2 ("Because Plaintiff sufficiently alleges that Wexford and IDOC failed to take steps that would allow Plaintiff to access a bed . . . the Court finds that Plaintiff has stated a plausible claim under the ADA and Rehabilitation Act at this early stage.").

Price also has sufficiently pleaded the third element of denial or discrimination by reason of his disability. Notably, Price asserts that, had he been able-bodied, he would have been able to shower, get in and out of bed independently, and use the toilet. At the pleading stage, "the Court takes [Price's] allegations as true that he was denied accommodation for his disability and as a result was unable to [get out of bed, shower or use the toilet] on a basis equal to that of non-disabled inmates." *Cotledge*, 2020 WL 7260798, at *4. Thus, Price's ADA and RA claims may proceed to discovery.

5

While the claims may proceed, the Court agrees with IDOC that Price cannot recover punitive damages under the ADA and RA. *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002) ("[B]ecause punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act."). Price did not address this argument, thereby conceding the issue. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (a party waives an argument "by not responding to alleged deficiencies in a motion to dismiss"). The Court dismisses Price's requests for punitive damages on his ADA and RA claims.

## II.    Section 1983 Deliberate Indifference Claim

IDOC next seeks to dismiss Price's § 1983 deliberate indifference claim on Eleventh Amendment immunity grounds and because it does not qualify as a "person" subject to suit under § 1983. Price did not address this argument in his response, waiving the issue. *See Alioto*, 651 F.3d at 721. Had he responded, the Court would find it appropriate to dismiss the § 1983 claim against IDOC, a state agency not subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a [s]tate nor its officials acting in their official capacities are 'persons' under § 1983"); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984) (in the absence of consent, the Eleventh Amendment bars suits against states and their agencies).

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part IDOC's motion to dismiss [59]. The Court dismisses Price's § 1983 claim against IDOC (Count III) with prejudice. The Court strikes Price's requests for punitive damages on the ADA and RA claims (Counts I and II).

Dated: April 4, 2022

_____
SARA L. ELLIS
United States District Judge